[No. E011134. Fourth Dist., Div. Two. Jan. 5, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DAMON BURNS CAMPBELL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.D.

## Counsel

Patricia O'Neill, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and James E. Atkins, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

TIMLIN, J.—An information charged defendant, Damon Burns Campbell, with first degree burglary in count 1 (Pen. Code, § 459)[1] and with dissuading a witness by force or threat in count 2 (§ 136.1, subd. (c)(1)). Pursuant to a plea bargain, defendant pled guilty to count 2 and count 1 was dismissed.[2] The plea agreement provided for a grant of probation.

The court granted defendant three years' supervised probation and found defendant unable to reimburse the county for attorney fees and the cost of the presentence report but able to pay $15 per month for probation supervision costs. The court stayed a $2,000 restitution fine. After holding a hearing on the value of the items taken in the burglary, the court ordered defendant, as a condition of probation, to pay restitution directly to the victim of the burglary in dismissed count 1 in the amount of $4,560. Codefendant and defendant were held jointly and severally liable for the payment of restitution to the victim.

On appeal, defendant contends: (1) the restitution order was not part of the plea bargain, (2) the court failed to hold a hearing on defendant's ability to pay restitution, and (3) the court erred in holding defendant jointly and severally liable for restitution. In his reply brief, defendant also contends the court erred in failing to hold a hearing on his ability to pay reasonable costs of probation.

I

## FACTS

Scott Harrold saw defendant standing in front of Eldon Hamman's house. Hamman had left for vacation the day before. Codefendant, James Keifer, walked out of Hamman's house and placed the television he was carrying in the trunk of the car next to which defendant was standing. Defendant, Keifer and another person got into the car and drove away.

Two days later, defendant and Keifer contacted Harrold and his coworker at Harrold's place of work. Defendant warned them not to say anything about the burglary of Hamman's house and then kicked the coworker in the head.

---

[1] All further references to code sections will be to the Penal Code unless otherwise indicated.

[2] The plea agreement refers to count 3 as also being dismissed. The felony complaint had charged a third count, misdemeanor battery (§ 242); however, defendant was not charged with that offense in the information.

When Hamman returned from vacation, he discovered someone had broken into his house. Several items were missing from his house, including a portable air compressor, a color television, some jewelry and several firearms.

II

DISCUSSION

A. *Restitution as a Condition of Probation Is Not in Violation of the Plea Agreement*

■ Defendant contends the restitution order of $4,560 as a condition of probation violated the negotiated plea agreement and must be stricken. Although it mentions the possibility of a restitution *fine*, the plea agreement does not mention direct restitution to the alleged victim in dismissed count 1 as a condition of probation. (E.g., *People* v. *Nystrom* (1992) 7 Cal.App.4th 1177, 1180 [10 Cal.Rptr.2d 94].) It therefore appears that prior to entering his guilty plea, defendant was not advised that direct restitution to the victim alleged in the dismissed count 1 was a possible probation term, if he was granted probation on count 2, to which he pled guilty.

In *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861], the court held that "[w]hen a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agree upon." (*Id.*, at p. 1024.) Failure to abide by the plea agreement is a violation of the defendant's due process rights. The *Walker* court was concerned with the imposition of a restitution fine under Government Code section 13967, of which the defendant had not been advised prior to entering his guilty plea. That court held the consequences of a restitution *fine* to a defendant are severe enough that it qualifies as a penal consequence of which defendant should be advised prior to entry of his guilty plea and an item which should generally be considered in plea negotiations. (54 Cal.3d at p. 1024.)

In the present case, however, the contested order is the imposition of direct restitution to the victim named in the dismissed count 1 as a condition of probation granted in reference to his conviction on count 2. Unlike the restitution fine in *Walker*, this restitution order is not a penal consequence. " 'Probation is an act of leniency, not a matter of right.' [Citation.] Probation as a sentencing alternative typically contains conditions; and one of the most frequently imposed conditions is the requirement restitution be paid to the

victim." (*People* v. *Goulart* (1990) 224 Cal.App.3d 71, 80-81 [273 Cal.Rptr. 477].) The court in *Goulart* held the defendant need not be informed of the possibility of a restitution order as a probation condition before the court accepts his guilty plea. (*Id.*, at p. 81.) A direct victim restitution order imposed as a probation term under these conditions does not violate a plea agreement.

As for defendant's objection at sentencing and now on appeal that the restitution order was directed to a victim alleged in dismissed count 1, defendant concedes that the plea agreement contains a *Harvey* waiver[3] wherein the court could consider the dismissed count for purposes of restitution. Given this agreement, an order for payment of restitution to the victim of a dismissed but related count is permissible. (*People* v. *Baumann* (1985) 176 Cal.App.3d 67, 75-79 [222 Cal.Rptr. 32].)

The court in *People* v. *Goulart*, *supra*, 224 Cal.App.3d at page 79 notes: " 'It is obvious that unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, this salutary rehabilitative effect cannot take place. No rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime.' (*People* v. *Richards* [1976] 17 Cal.3d [614,] 622 [131 Cal.Rptr. 537, 552 P.2d 97], fn. omitted.)" However, courts have interpreted the "same state of mind" requirement for imposing restitution in this type situation rather broadly. Some courts cite Proposition 8 and its expansion of restitution to a victim as vitiating the "same state of mind" requirement. (*People* v. *Dailey* (1991) 235 Cal.App.3d Supp. 13, 17, fn. 5 [286 Cal.Rptr. 772].) Other courts distinguish *Richards* on its facts. (*People* v. *Walmsley* (1985) 168 Cal.App.3d 636, 640-641 [214 Cal.Rptr. 170].) Whatever the approach, we believe there is a sufficient relationship between the conduct underlying count 2 and the alleged conduct which was the basis for count 1. In pleading guilty to count 2, defendant admitted that by force and threats he attempted to dissuade an eyewitness from testifying against him regarding the burglary charge in count 1. In our view, those tendencies which implicated the conduct charged in count 1 do not substantially differ from those tendencies which motivated his criminal conduct as alleged in count 2. His attempt to dissuade the witness was an extension of his burglary and theft activities, i.e., commit a particular crime and avoid responsibility for it.

B. *Hearing on Ability to Pay Restitution*

▮ Defendant argues the court erred in failing to hold a hearing on his ability to pay restitution. A defendant is entitled to a judicial determination

---

[3]*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

of his ability to pay restitution. (*People* v. *Hartley* (1984) 163 Cal.App.3d 126, 128 [209 Cal.Rptr. 131].) Defendant contends the failure to hold such a hearing violates his due process rights. It does not appear from the record on appeal that a formal and specific hearing on defendant's ability to pay restitution was held.

The requirements of due process are met if a defendant is afforded an opportunity to present evidence on his ability to pay. (*People* v. *Ryan* (1988) 203 Cal.App.3d 189, 195 [249 Cal.Rptr. 750].) There is no requirement that a court make an express finding of the ability to pay, and the court may properly base its restitution order on the probation officer's report which recommends restitution. (*Id.*, at p. 196; cf. *People* v. *Bauman*, *supra*, 176 Cal.App.3d at p. 81.) As long as the defendant is given an opportunity to respond to any matters in the probation report regarding restitution, due process is satisfied. (*People* v. *Ryan*, *supra*, 203 Cal.App.3d at p. 196; cf. *People* v. *Bauman*, *supra*, 176 Cal.App.3d at p. 82.)

In the present case, the probation officer's report recommended restitution to the victim alleged in count 1 as a condition of probation. Defendant informed the probation officer he would be willing to pay restitution if ordered by the court and did not mention that he would be unable to pay it.[4] At the sentencing hearing, defendant was allowed to voice his objections to the probation officer's report. Defendant objected to the recommended restitution because it involved the victim of the dismissed count, but did not mention an inability to pay restitution. At the later hearing to determine the amount of restitution, defendant did not mention he was unable to pay it. It appears defendant had several opportunities to present evidence regarding his ability to pay restitution but did not do so. A timely objection allows the sentencing court to modify or delete any unreasonable conditions or to explain why the condition is necessary in that case. The sentencing court is best suited to resolve factual questions regarding reasonableness and ability to pay, which depend upon the presentation of evidence through witnesses and documentation.

■ Defendant also contends the failure to hold this hearing violates equal protection. "Equal protection requires a court to grant a hearing on a defendant's ability to pay restitution. [Citations.] The reason for this is, when a defendant fails to pay ordered restitution, he violates probation, a circumstance which may result in imprisonment. The incarceration of defendants for inability to pay restitution violates the equal protection clause. [Citation.] Here, the probation hearing complied with the mandates of equal protection." (*People* v. *Goulart*, *supra*, 224 Cal.App.3d at p. 84.)

---

[4]The probation report, however, did not specify whether defendant's willingness to pay restitution related to the victim of count 1 or the victim of count 2.

The probation officer's report refers to the fact defendant was unemployed and seeking a job. At the sentencing hearing, the trial court stated it had read the probation officer's report so it was obviously aware of defendant's financial condition. The court's understanding of defendant's financial situation is reflected in the court's order to the probation officer to set up monthly payments for restitution. (*People* v. *Goulart, supra,* 224 Cal.App.3d at p. 84.) As discussed above, defendant presented no other evidence at this hearing or at any other time to the court on his ability to pay.

"In any event, equal protection does not require a trial judge make an express finding of ability to pay *before* ordering restitution. [Citations.] In fact, section 1203.04, which demands the trial court to 'require, as a condition of probation, that the person make restitution' to the State Restitution Fund or the victim (§ 1203.04, subds. (a), (b)), does not require the court to consider the defendant's ability to pay before setting the amount. [Citation.] [¶] . . . Such an express finding is not necessary because section 1203.2, subdivision (a) prevents a court from revoking probation unless it determines the 'defendant has willfully failed to pay and has the ability to pay.' Under section 1203.2, no one may be incarcerated because he/she does not have the ability to pay the restitution which was a condition of his/her probation.[5] So long as [defendant] is not imprisoned due to his inability to pay [the victim], the restitution ordered does not violate the equal protection clause. [Citation.]" (*People* v. *Goulart, supra,* 224 Cal.App.3d at pp. 84-85, original fns. omitted.)

While no formal and specific hearing on defendant's ability to pay was held, defendant had the opportunity to present evidence on this issue and he suffered no deprivation of equal protection from the court's order.

C. *Joint and Several Liability for Restitution*

■ Defendant contends the court erred when it held defendant and codefendant jointly and severally liable for restitution to the victim. The court determined the total restitution due to the victim was $4,560. Both defendant and codefendant were ordered, by terms of probation, to pay restitution to the victim alleged in count 1 for the total amount of $4,560. Defendant's probation term number 17 required defendant to "[c]ooperate in the payment of $4,560.00 restitution to the victim(s) and be responsible for making all this restitution in the event the codefendant, James Keifer, fails to comply with the restitution orders . . . ."

---

[5]However, a term of probation may be modified or extended when the probationer fails to pay restitution as ordered because of an inability to pay. (*People* v. *Cookson* (1991) 54 Cal.3d 1091, 1096-1097 [2 Cal.Rptr.2d 176, 820 P.2d 278].)

Defendant cites *People* v. *Hernandez* (1991) 226 Cal.App.3d 1374 [277 Cal.Rptr. 444], criticized on other grounds in *People* v. *Welch* (1993) 5 Cal.4th 228, 236 [19 Cal.Rptr.2d 520, 851 P.2d 802], for the proposition that imposition of joint and several liability for restitution imposed as a condition of probation is invalid. (226 Cal.App.3d at p. 1380.) The court in *Hernandez* acknowledged that under section 1203.2, subdivision (a), which requires a determination of wilful failure to pay and ability to pay before probation can be revoked for failure to pay restitution, a defendant will not be imprisoned if a codefendant fails to pay his share of the restitution. (226 Cal.App.3d at p. 1378.) However, the *Hernandez* court was troubled that imposing joint and several liability for restitution is an attempt to address civil liability which deprives a defendant of civil due process. It also reasoned that the rehabilitative purpose of restitution was "clouded" when fulfillment of the probation condition depended on the actions of another. The court held such an order to be void for vagueness because a defendant would not know until the end of probation whether the codefendant had made his payments and thus would not know the "parameters" of his probationary status. (*Id.*, at pp. 1379-1380.)

The case of *People* v. *Zito* (1992) 8 Cal.App.4th 736 [10 Cal.Rptr.2d 491] criticized *Hernandez* and determined a joint and several restitution order is permissible. *Zito* involved direct restitution to the victim pursuant to Government Code section 13967. That section provides for direct restitution to the victim in lieu of a restitution fine where the defendant is denied probation. (*People* v. *Foster* (1993) 14 Cal.App.4th 939, 949-950 [18 Cal.Rptr.2d 1].) The restitution order made under this section is enforceable as a civil judgment. (Gov. Code, § 13967, subd. (c).)

The court in *Zito* pointed out that all restitution awards deprive a defendant of civil litigation due process, citing Government Code section 13967, subdivision (c). (*People* v. *Zito, supra*, 8 Cal.App.4th at p. 744.) "[R]estitution by definition impacts potential civil liability, restoring some or all of the value of property taken from a crime victim," although the disposing of possible civil liability is not a proper function of restitution under section 1203.1. (*People* v. *Goulart, supra*, 224 Cal.App.3d at p. 82.) A defendant does receive some due process rights under Government Code section 13967 in the form of notice and an opportunity to contest restitution orders regarding the amount of restitution. (*People* v. *Zito, supra*, 8 Cal.App.4th at p. 745.)

*Zito* also disputed that a defendant would not know the parameters of restitution. The defendant's obligation is clear; he must pay the full amount of restitution and may pay less if the codefendant also meets his restitution obligation. (*People* v. *Zito, supra*, 8 Cal.App.4th at p. 745.)

Finally, *Zito* recognized that a defendant's obligation to pay restitution is independent and not reliant on codefendant's obligation. Both are jointly and severally liable for the full amount of restitution. The rehabilitative purpose of restitution would thus be bolstered because defendant's obligation to compensate the victim would be "underscored." (*People* v. *Zito, supra*, 8 Cal.App.4th at pp. 745-746.) *Zito* found the practical problems of such an order, i.e., double payment, to be manageable by notices of payments being given to both codefendants. (*Id.*, at p. 745.) Here, the restitution was payable in monthly payments through the probation office which could provide for any adjustments or refunds to avoid double compensation to the victim.

Furthermore, the Fourth District Court of Appeal held in *People* v. *Flores* (1961) 197 Cal.App.2d 611, 616 [17 Cal.Rptr. 382], that joint and several liability for restitution ordered to be paid to a victim as a condition of probation was valid. " 'Where two or more persons act in concert, it is well settled both in criminal and in civil cases that each will be liable for the entire result.' " (*Ibid.*)

Although we acknowledge *Zito* involved a direct victim restitution order under Government Code section 13967 and not as here a restitution order as a condition of probation, we find the general reasoning in *Zito* to be more persuasive than that of *Hernandez*, and to be applicable to restitution orders as conditions of probation under section 1203.1. We therefore conclude that the court did not err in holding defendant and codefendant jointly and severally liable for restitution.

D.   *Hearing on Ability to Pay Reasonable Costs of Probation*\*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

III

DISPOSITION

The order for reimbursement to the county of probation costs is reversed, and the matter is remanded to the trial court with the direction that it hold a hearing pursuant to the provisions of section 1203.1b. Judgment is affirmed, including the term of probation ordering defendant to pay restitution to the

---

\*See footnote, *ante*, page 825.

victim of dismissed count 1 and that his obligation to pay such restitution is joint and several.

Ramirez, P. J., and Dabney, J., concurred.