Filed 5/8/15  P. v. Wilson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JEHOADDAN LATRICE WILSON,<br><br>　　　Defendant and Appellant. | A139585<br><br>(Contra Costa County<br>Super. Ct. No. 05-100028-0) |

　　　Jehoaddan Latrice Wilson appeals from a judgment upon a jury verdict finding her guilty of forgery (Pen. Code,[1] § 470, subd. (d), counts one and two) and trespass (§ 602, subd. (m), count three).  Defendant contends the trial court:  (1) violated her due process rights by failing to provide her with a copy of the probation report, and (2) denied her an opportunity to be heard on the issue of restitution by failing to hold a separate restitution hearing.  We affirm the judgment.

## I.  FACTS

　　　On April 16, 2009, Candace Lui and Tri Chung (collectively, the Chungs), held an open house to rent their five-bedroom house in Brentwood.  Defendant attended the open house and submitted her credit report in order to apply for the rental.  The Chungs denied defendant's application because her credit score was too low.  On May 30, 2009, the Chungs returned to the house to show it to a prospective tenant and discovered that defendant had moved into their house and changed the locks.  Lui rang the door bell and

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

1

was greeted by defendant who said, "This is a shocker; isn't it? . . . I shouldn't have been turned down for this rental. I deserved it."

Chung called the police to report the incident. Defendant was calm and polite with the police and showed them a five-page rental agreement, receipts for the first and last month's rent, a deposit, and a partial rent payment. Unsure about who was telling the truth, the police did not ask defendant to vacate the property. The Chungs subsequently hired an attorney to evict defendant.

The police investigated a possible trespass and forgery and eventually executed a search warrant for the house. The police seized numerous documents related to the rental agreement in question. In August 2009, the police arrested defendant.

At trial, Lui testified that her signature was forged on the rental agreement and that her name had been misspelled on the receipts. An investigator for the district attorney's office testified that defendant admitted to forging the lease. Defendant, who represented herself at trial, did not present any evidence.

Prior to the sentencing hearing, the probation officer "attempted to contact the defendant via telephone numerous times." Defendant did not return the calls until the day before the hearing. By that time, the probation report had already been submitted to the court.

At sentencing, the court remarked that defendant failed to show any remorse and had no appreciation for the harm she caused the Chungs. The court expressed the "expectation that [defendant] would go out and do this again" because she was a "con person." The court suspended imposition of sentence and placed defendant on probation for five years on conditions including that she serve nine months in county jail. The court further ordered that defendant pay restitution in the amount of $16,307.

# II. DISCUSSION

### a. *Standard of review*

The standard of review for a restitution order is abuse of discretion. " ' " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " ' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) An appeal based on an alleged abuse of discretion succeeds only if considering all the evidence, " 'viewed most favorably in support of the trial court's action, no judge could reasonably' " reach the same conclusion. (*Smith v. Smith* (1969) 1 Cal.App.3d 952, 958.)

### b. *The record reflects that defendant received a copy of the probation report.*

Defendant contends that she was denied due process because she was not provided with a copy of the probation report prior to the sentencing hearing, and hence had no notice of the amount of restitution sought. She, however, did not claim below that she failed to receive a copy of the report and did not request one at the hearing. Moreover, the record suggests that she received a copy of the report.

Section 1203, subdivision (b)(2)(E) requires that the probation report "be made available to the court and the prosecuting and defense attorneys at least five days, or upon request of the defendant or prosecuting attorney nine days, prior to the time fixed by the court for the hearing and determination of the report, and shall be filed with the clerk of the court as a record in the case at the time of the hearing." A defendant's due process rights are " ' "protected when the probation report gives notice of the amount of restitution claimed . . ., and the defendant has an opportunity to challenge the figures in the probation report at the sentencing hearing." ' " (*People v. Cain* (2000) 82 Cal.App.4th 81, 86.) " '[D]ue process is satisfied by affording the defendant an adequate opportunity to present [her] objections.' " (*U.S. v. Smith* (9th Cir. 1991) 944 F.2d 618, 622; *People v. Campbell* (1994) 21 Cal.App.4th 825, 831 (*Campbell*).)

At the sentencing hearing, defendant referred to the probation report and brought documents to court to correct information in the report. The probation report noted that defendant had another case pending involving charges of child endangerment and

resisting a peace officer. Defendant claimed that she had documents indicating that the charges would not be substantiated and would be dismissed. Hence, it appears that defendant had received and reviewed the report prior to the hearing.

Defendant also contends that the colloquy at the beginning of the sentencing hearing, when the court stated its copy of the probation report "just got put in the court file," is proof that defendant did not receive a copy of the report. This contention is feckless. The fact that the court's copy of the report was not placed in the court's file until the day of the hearing has no tendency to prove when or whether defendant received the report. What is relevant is the fact that at no point during the discussion about the report did defendant claim she did not receive it.[2] She has waived any error.

### c. *The probation officer complied with section 1203, subdivision (c).*

Section 1203, subdivision (c), provides that "[i]f a defendant is not represented by an attorney, the court shall order the probation officer who makes the probation report to discuss its contents with the defendant."

Here, the probation officer complied with section 1203, subdivision (c). In the report, the probation officer states that she called defendant numerous times but defendant failed to return the calls. During the sentencing hearing, defendant admitted she failed to return the probation officer's calls and claimed that she called the probation officer on the day before the sentencing hearing. Frustrated by yet another excuse by defendant, the People reminded the court: "The trial occurred a month ago . . . she's telling us at the last minute she tried to reach the Probation Department when you publicly on the record indicated that we need a Probation Report for sentencing purposes and yet she waits till the last minute. It's a never ending sense of entitlement."

In the absence of evidence to the contrary, "[i]t is presumed that official duty has been regularly performed." ( Evid. Code, § 664; see *People v. Yarter* (1956) 138 Cal.App.2d 803, 805 [a report filed by the probation office, which is read and considered by the court, "carries with it the presumption that it was made in accordance

---

[2] Our review of the record reveals that defendant was well aware of her right to make objections to the introduction of evidence.

with the provisions of" section 1203].)  Here, the record reflects that the probation officer made numerous attempts to reach defendant prior to submitting the report to the court.  In accordance with the statute, we presume that the report was made available to the parties and the court at least five days prior to the hearing.  (§ 1203, subd. (b)(2)(E).)  On these facts, defendant cannot be heard to complain that her due process rights were violated when any failure to discuss the report's contents was due to her failure to make herself available.

### d.  The sentencing hearing satisfied defendant's due process rights.

Defendant also argues that her due process rights were violated because the court failed to schedule a separate restitution hearing.  We disagree.

A defendant has a "right to a hearing before a judge to dispute the determination of the amount of restitution."  (§ 1202.4, subd. (f)(1).)  "The defendant shall have the right to a hearing before the judge to dispute the determinations made by the probation officer in regard to the amount or manner in which restitution is to be made to the victim or the Restitution Fund."  (§ 1203.1k.)  "As long as the defendant is given an opportunity to respond to any matters in the probation report regarding restitution, due process is satisfied."  (*Campbell*, *supra*, 21 Cal.App.4th at 831.)  In *People v. Wyman* (1985) 166 Cal.App.3d 810, 816, the court concluded that the due process afforded was adequate if the amount of the restitution fine was set at the sentencing hearing.

Here, defendant's due process rights were not violated.  Defendant was informed of the restitution amount not only in the probation report but during the sentencing hearing and did not contest the amount, her ability to pay, or request a separate restitution hearing.  Instead, defendant assured the court that she planned "on paying back fully the restitution."  The court asked defendant about her ability to pay and she informed the court that she had the ability to pay the full amount of the restitution because she was employed and earned $124,000 in the prior year.  Defendant offered to pay the restitution at the hearing, saying that she had been "saving for awhile now" and had a "check ready for the Court," cash in her purse, and access to an ATM.  In sum, the record shows that

defendant was well aware of the amount of restitution in dispute and that she was prepared to pay it. Defendant's due process rights were not violated.

### e. Defendant was not owed any special privileges as a pro per party.

Defendant repeatedly entangles her arguments on appeal with the fact that at several points during the trial she was acting *pro per*. She contends that the trial court failed to advise her that she had a right to contest the restitution amount and manner in which it is to be made. The court owed no special duties to defendant.

"A criminal defendant has a right, under the Sixth Amendment to the federal Constitution, to conduct [her] own defense, provided that [she] knowingly and intelligently waives [her] Sixth Amendment right to the assistance of counsel." (*People v. Blair* (2005) 36 Cal.4th 686, 708, overruled on another ground in *People v. Black* (2014) 58 Cal.4th 912, 919.) A " 'defendant who chooses to represent [herself] assumes the responsibilities inherent in the role which [she] has undertaken,' and 'is not entitled to special privileges not given an attorney.' " (*People v. Barnum* (2003) 29 Cal.4th 1210, 1221 (*Barnum*).) Thus, the "general rule" is that a judge is not required to assist or advise a defendant who chooses to represent herself. (*Id.* at p. 1214.) A self-represented litigant "cannot compel the trial court to make up for counsel's absence." (*Id.* at p. 1215.)

Here, the court fully advised defendant of the risks of self-representation and had no further duty to advise her of the right to contest restitution. (See *Barnum, supra,* 29 Cal.4th at p. 1221.) Defendant opted to represent herself despite numerous warnings from the court.[3] Defendant was " 'not entitled to special privileges not given an attorney,' " and instead "assume[d] the risk of [her] own ignorance." (*Id.* at p. 1221, pp. 1215 & 1224.)

### III. DISPOSITION

The judgment is affirmed.

---

[3] On one such occasion, the court explained that she would not receive special treatment and that judges are not permitted to educate self-represented litigants about the law. She was further advised that if she failed to make an objection, she was waiving the objection. When asked if defendant understood, she replied, "Absolutely I do."

_____

RIVERA, J.

We concur:

_____

RUVOLO, P. J.

_____

STREETER, J.

A139585

7