Filed 3/1/24  P. v. Kirwin CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ADAM DOUGLAS KIRWIN,<br><br>        Defendant and Appellant. | E081065<br><br>(Super.Ct.No. FSB22003772)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed as modified.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Adam Douglas Kirwin pled no contest to receiving a stolen vehicle (Pen. Code,[1] § 496d) and admitted that he suffered a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)).  Pursuant to a provision of the plea agreement, the prosecutor and defendant agreed that there would be no finding that a motor vehicle was "involved in or incidental to the commission of the offense."  On the day of sentencing, the trial court found that a motor vehicle was used and sentenced defendant to the agreed upon term of 32 months in prison.  On appeal, defendant contends that this court should strike the finding that a motor vehicle was used in the commission of the offense because it violates the plea agreement and his constitutional right to due process.  He also asserts that the trial court erred in orally pronouncing his presentence custody credits.  We agree and will strike the finding that a motor vehicle was used.  We also agree with the parties that the court erred when it orally found defendant had 64 days of actual custody, rather than 94 days of actual custody as correctly represented by the court's minute order and the abstract of judgment.

## II.

## PROCEDURAL BACKGROUND

On December 7, 2022, a felony complaint was filed charging defendant with receiving a stolen vehicle (§ 496, subd. (d)).  The complaint further alleged that

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)).

On January 4, 2023, pursuant to a negotiated agreement, defendant pled no contest to receiving a stolen vehicle and admitted that he previously suffered a strike conviction. In return, defendant was promised a stipulated term of 32 months in prison and dismissal of two other matters. Further, the written plea agreement specified that there would be no finding that a motor vehicle was "involved in or incidental to the commission of the offense." At the change of plea hearing, the trial court accepted defendant's plea and did not mention the motor vehicle portion of the agreement. The matter was thereafter referred to the probation department.

On March 8, 2023, defendant appeared for his sentencing hearing represented by a different public defender. Contrary to the parties negotiated plea agreement, the trial court made a finding that "[a] motor vehicle was used" and sentenced defendant to 32 months in state prison followed by a period of parole. Neither defendant nor his counsel objected to the court's finding. The trial court orally pronounced defendant's credits as "64 actual." The court's minute order of the March 8, 2023, sentencing hearing and the abstract of judgment, however, correctly indicate that defendant had 94 days of actual credits and 94 days of conduct credits, for a total of 188 presentence custody credits.

Defendant timely appealed and requested a certificate of probable cause. The trial court granted defendant's request for certificate of probable cause.

3

III.

DISCUSSION

A. *Violation of Plea Agreement*

Defendant argues that we should strike the finding that a motor vehicle was used in the commission of the offense because it violates the plea agreement and his constitutional right to due process.  The People respond that defendant forfeited this contention by failing to object in the court below.  Alternatively, the People assert that if this court reaches the merits, we should strike the trial court's finding that a motor vehicle was used during the commission of the offense.

"A negotiated plea agreement is a form of contract . . . ."  (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)  When a plea of guilty or no contest is entered in exchange for specified benefits, both the defendant and the prosecution are bound by the terms of the agreement.  (*People v. Segura* (2008) 44 Cal.4th 921, 930-931 (*Segura*).)  Such compliance is required both as a matter of contract and by due process principles. (*People v. Silva* (2016) 247 Cal.App.4th 578, 587 (*Silva*).)

The trial court is free to accept or reject the parties' agreement.  Where the court accepts the agreement, "[d]ue process requires . . . that the punishment imposed not significantly exceed that which the parties agreed upon."  (*Silva*, *supra*, 247 Cal.App.4th at p. 587, fn. omitted.)  A trial court "may withdraw its initial approval of the plea at the time of sentencing and decline to impose the agreed upon sentence, . . . [but] it must inform the defendant that he or she has the right to withdraw the plea and allow the

4

defendant to do so; it cannot merely alter the terms of the agreement by imposing punishment significantly greater than that originally bargained for." (*Ibid*.) The foregoing principle is codified in section 1192.5, which provides in relevant part: "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw [his or her] plea if [he or she] desires to do so." (§ 1192.5, subd. (c).)

Defendant did not object at the time of sentencing that the sentence or finding a motor vehicle was used in the commission of the offense violated the plea agreement. We thus first confront the People's assertion that defendant forfeited the issue by failing to object at the sentencing hearing.

"Whether or not a defendant waives an objection to punishment exceeding the terms of the bargain by the failure to raise the point in some fashion at sentencing depends upon whether the trial court followed the requirements of section 1192.5. . . . [¶] Absent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024-1025, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

As noted, section 1192.5 requires the trial court to inform the defendant before he or she enters a plea that its approval of the plea agreement is not binding and if, after further consideration, it can no longer accept the plea, defendant has the right to withdraw it. Here, the trial court did not give those advisements orally at the time of the plea. However, the plea form defendant signed did include the following paragraph: "I understand that even though the Court may approve the agreement for sentence set forth, the Court is not bound by the agreement, and that the Court may withdraw its approval at any time before pronouncement of judgment, in which case I shall be able to withdraw my plea . . . ." Defendant initialed beside that paragraph on his plea form.

Section 1192.5 has been construed as requiring trial courts, upon withdrawing approval of a plea, to expressly give the defendant an opportunity to withdraw that plea. (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1362 ["the statute plainly entitled the court below to withdraw its approval and deviate from the agreed terms so long as it offered defendant an opportunity to withdraw his plea"].) At sentencing, the trial court neither stated that it was withdrawing approval of the plea, nor expressly gave defendant an opportunity to withdraw his plea. Accordingly, the trial court failed to comply with section 1192.5, such that defendant did not forfeit his claim by failing to object below.

Moreover, even assuming defendant forfeited his right to appellate review by failing to object, we would exercise our discretion to consider the issue on the merits to forestall an ineffective assistance of counsel claim. (*People v. Smith* (2003) 31 Cal.4th

1207, 1215 ["an appellate court is generally not prohibited from reaching questions that have not been preserved for review by a party"].)

Section 1192.5 specifically provides that where "the plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . *the court may not proceed as to the plea other than as specified in the plea*." (§ 1192.5, subd. (b), italics added.) "A plea agreement 'is a tripartite agreement which requires the consent of the defendant, the People and the court.'" (*People v. Feyrer* (2010) 48 Cal.4th 426, 436, superseded by statute on another ground as stated in *People v. Park* (2013) 56 Cal.4th 782, 789, fn. 4.) "Acceptance of the agreement binds the court and the parties to the agreement." (*Segura*, *supra*, 44 Cal.4th at p. 930.) "Thereafter, material terms of the agreement cannot be modified without the parties' consent." (*People v. Martin* (2010) 51 Cal.4th 75, 80, citing *Segura*, at p. 935.) "Failure of the state to honor the agreement violates the defendant's due process rights for which the defendant is entitled to some remedy." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 636; see *People v. Campbell* (1994) 21 Cal.App.4th 825, 829.)

Here, as part of the written plea agreement, defendant and the People agreed that there would be no finding that a motor vehicle was "involved in or incidental to the commission of the offense." It appears the trial court, however, inadvertently found a vehicle was used at the time of the sentencing hearing, which was held about two months after defendant pled no contest. As defendant notes, such a finding can result in the revocation of a person's driving privileges. (Veh. Code, § 13350, subd. (a)(2).) The trial

7

court violated the plea agreement and defendant's constitutional right to due process when it found a motor vehicle was used during the offense. (*People v. Paredes* (2008) 160 Cal.App.4th 496, 507.) If the court did not approve of the provision and believed it to be invalid, the court should have rejected the plea. (See *Segura*, *supra*, 44 Cal.4th at p. 931; § 1192.5.) The court did not do so and instead accepted the provision as valid when it authorized the plea agreement.

Under these circumstances, we agree with the parties that specific performance of the terms of the plea agreement is the appropriate remedy because "it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno* (1982) 32 Cal.3d 855, 861.) Accordingly, we strike the finding that a motor vehicle was used in the commission of the offense in this case.

B. *Custody Credits*

Defendant claims the trial court improperly pronounced his presentence custody credits at the time of the sentencing hearing. He notes that the clerk's minute order of the sentencing hearing and the abstract of judgment, however, correctly reflect his credits, and should control over the court's oral pronouncement. The People, correctly, concede. We deem the clerk's minute order of the March 8, 2023, sentencing hearing and the abstract of judgment prevail over the conflicting portion in the reporter's transcript of the sentencing hearing.

8

The February 6, 2023, probation report indicates the probation officer calculated defendant's presentence custody credits as 64 actual days and 64 conduct days. At the March 8, 2023, sentencing hearing, the trial court stated defendant's "credits are 64 actual." The clerk's minute order from the sentencing hearing indicated defendant had 94 actual days in custody and 94 conduct credits, for a total of 188 days, pursuant to sections 4019.1 and 4019.2. The abstract of judgment reflects defendant's presentence credits as noted in the sentencing hearing minute order.

As a general rule, "[t]he record of the oral pronouncement of the court controls over the clerk's minute order . . . ," and any discrepancies are presumed to be the result of clerical error. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) Where possible, however, a conflicting record should be harmonized. (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) "If it cannot be harmonized, whether one portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case." (*Ibid.*)

At sentencing, the trial court noted that defendant had "64 actual" days in custody. The clerk's minute order and the abstract of judgment indicate that defendant had 188 total presentence custody credits of 94 actual and 94 conduct. The court clerk here correctly calculated defendant's presentence custody credits. It appears that the trial court mistakenly based its calculation on the date of the probation report, February 6, 2023, rather than the date of the actual sentencing hearing, March 8, 2023. However,

9

within the 30-day period between the probation report and the sentencing hearing, defendant remained in custody and earned an additional 30 days' credit. Because the clerk's minute order and abstract of judgment correctly reflect defendant's presentence custody credits, we "deem the minute order and abstract of judgment to prevail over the reporter's transcript. [Citation.]" (*People v. Cleveland* (2004) 32 Cal.4th 704, 768.) "The erroneous statement in the reporter's transcript is of no effect." (*Ibid.*)

## IV.

## DISPOSITION

We strike the finding that a motor vehicle was used in the commission of the offense in the instant case but otherwise affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.

10