Filed 3/22/13  In re Michael P. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| In re MICHAEL P., a Person Coming Under the Juvenile Court Law. | C070807 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL P.,<br><br>    Defendant and Appellant. | (Super. Ct. No. 67781) |

This appeal arises from two juvenile wardship petitions against appellant Michael P.  (Welf. & Inst. Code, § 602.)[1]  In a combined jurisdictional proceeding, the juvenile court sustained a felony vandalism charge (Pen. Code, § 594, subd. (a)) and terminated deferred entry of judgment (hereafter DEJ) (Welf. & Inst. Code, § 790 et seq.) as to the first petition; and sustained two felony counts of firearm possession (Pen. Code,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

§ 29610) and two misdemeanor counts of ammunition possession (Pen. Code, § 29650) as to the second petition.

On appeal, Michael P. contends the juvenile court (1) imposed an overbroad probation condition prohibiting his possession of marker pens, (2) denied him equal protection by refusing to end DEJ until full restitution had been paid, (3) failed to determine his ability to pay restitution, (4) failed to exercise its discretion over whether the vandalism offense constituted a felony or a misdemeanor, and (5) failed to hold a hearing regarding DEJ as to the second petition. We find merit in Michael's last two points (the People concede the last point), and shall reverse and remand on those two bases. In all other respects, we shall affirm the adjudication.

### FACTUAL AND PROCEDURAL BACKGROUND

Michael P. admitted the charge in the first Welfare and Institutions Code section 602 petition, filed November 12, 2009, alleging felony vandalism for graffiti-tagging an elementary school (Pen. Code, § 594, subd. (a)); and the juvenile court ordered entry of judgment deferred subject to the probation condition, among others, that Michael pay $1,185.77 in restitution to the victim, the Stockton Unified School District (Welf. & Inst. Code, § 790 et seq.). Upon the successful completion of DEJ probation conditions, and with certain affirmations, the arrest upon which judgment is deferred is deemed never to have occurred, and the juvenile records are sealed. (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

Pursuant to the second section 602 petition, filed February 2, 2012, the juvenile court, in a combined jurisdictional proceeding on March 5, 2012, sustained two felony charges of firearm possession and two misdemeanor charges of ammunition possession (these items were found in Michael's bedroom during a probation search); and, based on these adjudications, found that Michael had failed DEJ regarding his first section 602 petition and sustained that petition as well. Upon the People's motion, the juvenile court

2

also dismissed, for insufficient evidence, the four remaining charges in the second petition (carrying loaded firearm; receiving stolen property; possessing a silencer; and street terrorism) .

In a combined dispositional hearing on March 26, 2012, the juvenile court adjudged Michael P. a ward, suspended a 360-day camp commitment, imposed a 90-day term in juvenile hall (and 30 days on electronic monitoring), and set a maximum period of confinement of four years eight months.

We will set forth facts relevant to each contention in our discussion of them.

## DISCUSSION

### I.  The Probation Condition Is Not Overbroad

The juvenile court imposed the following probation condition at the combined dispositional hearing:  "The minor shall not possess any graffiti materials, including, but not limited to, spray paint cans, marker pens, and liquid shoe polish."

Michael P. contends the inclusion of marker pens is impermissibly overbroad, as he attends school and will likely need to possess such items to pursue his state constitutional right to an education.

We certainly do not intend to get between anyone and their right to an education. "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382, quoting *People v. Bravo* (1987) 43 Cal.3d 600, 606.)

A reasonable interpretation of this probation condition is that Michael may possess marker pens as necessary to do his school work, but may not do so to undertake graffiti. Interpreted in this way, the probation condition is not overbroad.

3

**II. & III.  The Juvenile Court Properly Terminated DEJ, and Its Failure to Consider Michael P.'s Ability to Pay Victim Restitution Was Harmless**

Pursuant to Michael P.'s first section 602 petition, which charged felony vandalism, the juvenile court granted Michael DEJ (§ 790 et seq.), subject to certain probation conditions, including that he pay the Stockton Unified School District $1,185.77 in victim restitution.  DEJ contemplates, indeed often requires, as part of its goal of wiping the slate clean, that victim restitution be paid.  (§ 794; *G.C. v. Superior Court* (2010) 183 Cal.App.4th 371, 377.)  And, DEJ may last up to 36 months.  (§ 791, subd. (a)(3).)

Through periodic payments, Michael steadily whittled down this restitution amount, so that, by the time of the combined jurisdictional proceeding in March 2012, he owed only $18.77.  At this combined proceeding, as noted, the juvenile court, regarding the first petition, terminated DEJ and sustained the vandalism charge.

Michael argues that his equal protection rights were violated by the juvenile court's failure to end DEJ and dismiss the vandalism charge at an earlier DEJ review hearing on January 12, 2012 (Michael's restitution balance at that point was $193.77).  Had the juvenile court done so, Michael argues, there would have been no extant vandalism charge to sustain at the combined jurisdictional proceeding on March 5, 2012; and it is only because Michael was too poor to pay off the restitution amount quicker that he incurred the vandalism adjudication, thereby violating his equal protection rights.

The juvenile court, however, did not terminate DEJ on the basis of Michael's failure to pay full victim restitution, but on the basis of Michael's commission of four new offenses on January 31, 2012 (as charged in the second section 602 petition), while DEJ was still ongoing as to his first petition.

Again, though, Michael's point is that had he been able to pay off the victim restitution order before January 31, 2012, he would have been deemed to have

4

successfully completed his DEJ conditions and there would have been no vandalism charge to sustain thereafter; in short, his lack of finances led to the vandalism charge being sustained, in violation of equal protection.

This is where we pivot to Michael's related third contention that the juvenile court erroneously failed to determine Michael's ability to pay prior to ordering him to pay victim restitution as a condition of probation regarding his first petition (on which DEJ was initially entered). If Michael did actually incur a more severe punishment solely because of financial incapacity, he could make an equal protection claim. (See, e.g., *In re Antazo* (1970) 3 Cal.3d 100, 115 [the defendant's incarceration violated equal protection because it was based solely on his indigent inability to pay a fine imposed as a condition of probation].) That incurrence did not happen here, however.

The record shows that any error on the juvenile court's part in failing to assess Michael's ability to pay victim restitution (see § 742.16, subd. (a), requiring this assessment here), was harmless. Michael's ability to pay the court-ordered $1,185.77 in victim restitution was demonstrated in two ways: (1) that amount was all but paid; and (2) Michael agreed, without objection or concern, to pay victim restitution in the then estimated amount of *$3,000* when DEJ was imposed. (See also *People v. Campbell* (1994) 21 Cal.App.4th 825, 831 [the defendant had the opportunity to show an inability to pay restitution, but did not do so; a timely objection would have allowed the trial court to modify or delete an unreasonable condition].)

In the end, then, it was not Michael's financial inability to pay the victim restitution that ended his DEJ; it was his commission of new offenses while on DEJ that sealed his fate.

## IV.  The Trial Court Failed to Indicate That It Had Discretion to Declare the Penal Code Section 594 Vandalism Offense a Felony or a Misdemeanor, Necessitating Remand

Section 702 requires the juvenile court to declare whether a so-called "wobbler" offense is a felony or a misdemeanor.  This declaration must be "express."  (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1201 (*Manzy W.*); see also *In re Cesar V.* (2011) 192 Cal.App.4th 989, 1000.)

The reason for this requirement of explicitness is that such a declaration determines the minor's maximum period of confinement and much about his or her future.  (See *Manzy W.*, *supra*, 14 Cal.4th at pp. 1208-1209.)

Our state high court, in *Manzy W.*, held that a remand is required where the juvenile court does not make the requisite express felony/misdemeanor declaration of a wobbler offense, and nothing in the record indicates that the juvenile court considered whether the offense was a felony or a misdemeanor.  (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)  Given the stakes at issue, the presumption under Evidence Code section 664—in a silent record case, the juvenile court is presumed to have performed its official duty—does not apply.  (*Manzy W.*, at p. 1209 [the *Manzy* court erroneously cited this presumption as Evidence Code section 665].)

Here, the record shows the juvenile court, at the combined jurisdictional hearing on March 5, 2012, expressly declared the two firearm possession offenses, which are wobbler offenses (Pen. Code, §§ 29610, 29700), to be felonies.

But the juvenile court did not expressly declare the Penal Code section 594 vandalism offense, which is a wobbler offense (Pen. Code, § 594, subd. (b)(1)), to be a felony or a misdemeanor, and there is nothing in the record to indicate that the juvenile court *considered* whether this offense was a felony or a misdemeanor.  At the combined dispositional hearing on March 26, 2012, the juvenile court stated:  "The Court declares the offense to be a felony."  The record does not indicate *which* offense the juvenile

6

court, with this remark, declared to be a felony. The first section 602 petition charging the vandalism offense, Michael's admission of that offense at the DEJ hearing on January 12, 2010, the probation officer's report, and the setting of the maximum period of physical confinement, all label the vandalism offense as a felony. But, as noted in *Manzy W.*, such labeling may not substitute for a juvenile court's express declaration as to whether the offense was a misdemeanor or a felony, because they do not show the juvenile court knew it had discretion to declare the offense a misdemeanor rather than a felony. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1208.)

Consequently, we will reverse the juvenile court's adjudication on this basis, and remand to the juvenile court to exercise its discretion and declare whether Michael's Penal Code section 594 vandalism offense is a misdemeanor or a felony.

### V. Remand Is Also Necessary for the Juvenile Court to Determine Michael P.'s Suitability for DEJ on His Second Section 602 Petition

If the prosecuting attorney finds the minor eligible for DEJ, as the prosecutor did here with respect to Michael P.'s second section 602 petition, it is "the mandatory duty of the juvenile court to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the minor will derive benefit from 'education, treatment, and rehabilitation.' " (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1243-1244; §§ 790, 791, subd. (b).)

As the People concede here: "The juvenile court did not determine [Michael P.'s] suitability for DEJ [regarding the second petition]. Thus, the matter should be remanded to the juvenile court to do so now." We agree.

### DISPOSITION

The juvenile court's adjudication is reversed and remanded to that court on the following two issues: (1) to exercise its discretion and declare whether Michael P.'s vandalism offense (Pen. Code, § 594, subd. (a)) is a misdemeanor or a felony (and to

7

recalculate, if necessary, the maximum period of physical confinement); and (2) to determine Michael P.'s suitability for DEJ regarding his second Welfare and Institutions Code section 602 petition.  In all other respects, the juvenile court's adjudication is affirmed.


                                                     BUTZ           , Acting P.  J.


We concur:


            MURRAY            , J.


            DUARTE            , J.