[No. F002710. Fifth Dist. Dec. 21, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
MYRON DOUGLAS HARTLEY, Defendant and Appellant.

**COUNSEL**

Lawrence M. Schoenke, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Nancy Sweet and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Defendant appeals from his conviction, pursuant to his guilty plea, of grand theft in violation of Penal Code section 487, subdivision 1. As a condition of probation defendant was ordered to pay the victim, DeAnne McKelroy, the sum of $2,768 in restitution. On appeal, defendant claims the court erred in denying his request for a hearing both as to his

---

\*Before Andreen, Acting P. J., Hamlin, J., and Best, J.

ability to pay restitution and as to the value of the property stolen from Ms. McKelroy.

## DISCUSSION

 Defendant challenges imposition of restitution as a condition of probation without benefit of a hearing. We agree that defendant is entitled to a hearing on his ability to pay, as well as the replacement value of the goods which were taken.

As amended in 1982, Penal Code section 1203.1 provides in pertinent part: "The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, . . . *The court, or judge thereof, in the order granting probation and as a condition thereof . . . shall provide for restitution in proper cases*; and may require bonds for the faithful observance and performance of any or all of the conditions of probation." (Italics added.) Under the provisions of Penal Code section 1203.04, restitution must, in normal circumstances, be awarded in every case.[1]

Notwithstanding the legislative determination that restitution shall be imposed as a condition of probation unless the court finds that such a condition would be inappropriate and so states on the record, the judicial discretion in fixing the amount of restitution, while broad, is not absolute. As this court recently reaffirmed in *People v. Cervantes* (1984) 154 Cal.App.3d 353 [201 Cal.Rptr. 187], a defendant is "entitled to a judicial determination of the propriety of restitution to the victim . . ., and of the amount, if any, which the appellant must pay in light of his individual culpability *and* his ability to pay." (*Id.*, at p. 361, italics added. See also *People v. Kay* (1973) 36 Cal.App.3d 759, 762-763 [111 Cal.Rptr. 894, 73 A.L.R.3d 1235].)

Moreover, in order to effectuate the purpose of probation, restitution imposed as a condition of probation should be "narrowly tailored to serve a purpose described in section 1203.1. [¶] The major goal of section 1203.1 is to rehabilitate the criminal. Restitution imposed in a proper case and in

---

[1] At the time defendant was sentenced, Penal Code section 1203.04 provided in part: "(a) Upon conviction of a crime, when the court grants probation, the court as a condition of probation, except in any case in which the court makes a finding and states on the record its reasons that such a condition would be inappropriate, shall require that the person make restitution. If restitution is found to be inappropriate, the court shall require as a condition of probation, except in any case in which the court makes a finding and states on the record its reasons that such a condition would be inappropriate, that the defendant perform specified community service. Nothing in this section shall be construed to limit the authority of the court to grant or deny probation or provide conditions of probation."

an appropriate manner may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole." (*People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].) Thus, although California courts have upheld restitution in amounts exceeding the losses for which the defendant was found culpable (see, e.g., *People* v. *Lent* (1975) 15 Cal.3d 481, 486-487 [124 Cal.Rptr. 905, 541 P.2d 545]), the Supreme Court in *People* v. *Richards, supra,* advised courts to "tread lightly in this area." (*Id.,* at p. 620.) The necessity of directly relating restitution to the crime committed, particularly in property crimes, is evident in Penal Code section 1203.04, subdivision (b)(3),[2] which provided at the time of defendant's sentencing, "Restitution means payment to the aggrieved parties for the value of stolen or damaged property, . . . The value of stolen or damaged property *shall be* the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Italics added.)

The purpose of the hearing sought by defendant in the instant case was twofold: (1) he sought a judicial determination of his ability to pay restitution, and (2) he sought a judicial determination of the *replacement cost* of the property stolen from DeAnne McKelroy. The trial court in denying his request stated: "I am absolutely denying it. I am not going to project any further considerations here. The—the man is first saying I want to enter a plea, then he's saying I'm not guilty, and then he wants a hearing. He may have it if he likes. If he doesn't want to accept the terms of probation, certainly doesn't have to." Of course a request for a hearing on the amount of restitution to be imposed as well as ability to pay is not the equivalent of a refusal to accept the terms of probation, nor should a defendant be forced to choose between probation, when appropriate, and a related hearing to which he is entitled by law. Further, the facts in the instant case strongly demonstrate the *need* for a hearing at least on defendant's ability to pay and, to a less compelling extent, on the amount of restitution to be imposed.

We recognize that this case is not controlled by our earlier decision in *People* v. *Cervantes, supra,* 154 Cal.App.3d 353, since the trial court in the instant case did not expressly place the matter of restitution within the sole discretion of the probation officer. While we need not reiterate the careful analysis undertaken in *Cervantes,* we find its rationale equally persuasive when the trial court accepts without question the probation officer's recommendation as to the amount of restitution, denying a defendant's re-

---

[2]Penal Code section 1203.04, in effect at the time of defendant's sentencing, was repealed by Statutes 1983, chapter 568, section 1, page —. Substantially similar language is now found at Penal Code section 1203.04, subdivision (d).

quest to be heard, and when neither the probation officer nor the trial court appear to consider a defendant's obviously severely limited resources with respect to his ability to pay.

The amount of restitution fixed in this case by the probation officer was $2,768, an amount apparently derived solely from the victim's loss statement filed with the police. We note that all but $18 of that amount represented the value placed by the victim on three stolen gold rings, containing gems in various sizes. Given the well-known fluctuations to which the markets in gold and gems are subject, and since defendant's obligation to make restitution is statutorily limited to replacement cost, a hearing to determine the replacement cost is clearly warranted.

█ Although we hold that the trial court is required to grant a defendant's request for a hearing on the issue of restitution, we do not imply that the requisite hearing approximate the formality of a civil trial. Since a defendant will learn of the amount of restitution recommended when he reviews the probation report prior to sentencing,[3] the defendant bears the burden at the hearing of proving that amount exceeds the replacement or repair cost. At the conclusion of the hearing the trial court must then make an independent judicial determination of the amount of restitution the defendant shall be required to pay based on the available evidence of the replacement or repair cost of the stolen or damaged property.

With respect to defendant's ability to pay restitution, we note the probation report indicated defendant's monthly earnings from *two* jobs was $500. Simple mathematical computation shows that monthly payments of approximately $77 would be required to make restitution in the amount ordered over the three-year period of defendant's probation, an amount equal to over 15 percent of defendant's available income. Moreover, the probation report indicated that defendant had numerous obligations, including outstanding physicians' bills, which he was unable to pay; the probation report noted defendant's indebtedness appeared to be "beyond the defendant's capacity to meet." █ Under these circumstances, defendant was entitled to a

---

[3] In order to facilitate the *judicial* determination of the amount of restitution to be imposed (*People* v. *Cervantes, supra,* 154 Cal.App.3d 353), the probation report should reflect the inquiry or investigation undertaken by the probation officer in fixing the amount of restitution recommended. While we do not approve of exclusive reliance upon a loss report filed with the police, the appropriate questions concerning restitution can readily be incorporated into the solicitation of views presently directed to victims by the probation department. The probation officer should ascertain, when possible, any insurance recovery obtained by the victim since the amount of such recovery would be evidence of the replacement value of the property. Of course, when a victim's direct statement cannot be obtained, the probation report should so indicate, and existing evidence of the value of the property, such as a police report, may then be utilized so long as the source of the information is clearly identified.

judicial determination of his ability to pay restitution, taking into consideration defendant's apparently severely limited financial resources. Absent such a judicial determination, imposition of restitution as a condition of probation could well be no more than a meaningless act, subjecting defendant to a condition he had no hope of satisfying.

The portion of the order granting probation which required defendant to pay restitution in the amount of $2,768 is set aside, and the case is remanded for a hearing and judicial determination of the replacement cost of the stolen property and the terms of payment of restitution in accordance with the principles stated in this opinion. The judgment is otherwise affirmed.