37 Cal.App.4th 543 (1995)
43 Cal. Rptr. 768
In re S.S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
S.S., Defendant and Appellant.
Docket No. A067298.
Court of Appeals of California, First District, Division Two.
August 3, 1995.
*544 COUNSEL
Douglas I. Horngrad, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
PHELAN, J.
S.S. (appellant) was adjudged a ward of the court based on his participation in the theft of an automobile. On appeal he challenges an *545 order requiring him to make restitution to the victim. He contends that the amount of the victim's losses was not adequately proven at the restitution hearing and that the court erred by declaring his obligation "joint and several" with that of another juvenile. We find no error.

BACKGROUND
The court found appellant to be a person described in Welfare and Institutions Code section 602 upon his admission that on or about April 17, 1994, he committed misdemeanor auto theft and resisting arrest. According to the probation report, appellant was a passenger in the stolen vehicle when officers spotted it and tried to stop it. After a chase, the car crashed into a fence post and was significantly damaged. Appellant and the driver, Frazier W., were arrested.
The probation report recommended in-home placement, participation in appropriate programs, and restitution to the victim. It stated that the victim's documented out-of-pocket expenses up to that point were $1,067.17. At the dispositional hearing counsel for appellant requested that "some type of restitution hearing be reserved in this matter, and that some adequate documentation be provided so that we can determine what's going on here." The court granted the request and set a separate restitution hearing.
Prior to the hearing the probation officer submitted a supplemental report stating that the victim had provided a written itemization of losses amounting to $1,467.17.[1] At the hearing, counsel for appellant argued that the victim's itemization was insufficient to support a finding that the amounts claimed had in fact been incurred. Counsel objected to the probation officer's failure to "verify any of this evidence," suggesting that "some type of affidavit or declaration" should have been presented. The court suggested that appellant and his counsel could themselves have contacted the victim *546 with any disagreements or questions about the claims. Ultimately the court disallowed a $100 entry entitled "Misc[ellaneous] items," and a $400 entry entitled "Difference between Blue Book Value & the amount to be paid by insurance co., approximately." With respect to the latter the court said, "I have to assume that the insurance company paid the owner of the car what the car was worth." Accordingly, the court ordered restitution in the amount of $967.17, the obligation to be "joint and several" with any such obligation imposed on the driver, Frazier W.
Defendant filed a timely notice of appeal.

ANALYSIS

A.
(1) Appellant renews in this court his contention that the victim's losses were insufficiently proven by her itemized statement. He relies on People v. Vournazos (1988) 198 Cal. App.3d 948 [244 Cal. Rptr. 82], where the court held insufficient a statement from the victim itemizing stolen or damaged items with asserted values and repair costs. (Id. at p. 952, fn. 2.) The court held that this document failed to show that the claimed values represented replacement costs, or that the claimed repair costs reflected "the actual cost of the repair." (Id. at p. 958.)
The Vournazos court professed to acknowledge the rule, adopted in an earlier case, that the defendant "bears the burden of proving that the amount of restitution claimed by the victim exceeds repair or replacement cost of lost or damaged property." (198 Cal. App.3d at p. 959, citing People v. Hartley (1984) 163 Cal. App.3d 126, 130 [209 Cal. Rptr. 131].) In fact the Hartley decision stated an even broader rule: "Since a defendant will learn of the amount of restitution recommended when he reviews the probation report prior to sentencing, the defendant bears the burden at the hearing of proving that amount exceeds the replacement or repair cost." (163 Cal. App.3d at p. 130, italics added, fn. omitted.) The court went on to offer guidelines for the probation officer's "inquiry or investigation" into the victim's losses. (Id. at p. 130, fn. 3.) However the decision appears to mean that, at least where the items, amounts, and sources are adequately identified in or with the probation report, the defendant has the burden of refuting them.
We find it difficult to reconcile the holding in Vournazos with the rule just cited. We are not alone in that difficulty. In People v. Foster (1993) 14 Cal. App.4th 939 [18 Cal. Rptr.2d 1] review denied, the only court to squarely consider the holding of Vournazos refused to follow it. The defendant in *547 Foster was ordered to pay $8,000 for a stolen Persian rug. (Foster, supra, at p. 943.) The probation officer had reported the victim's statement that she paid $8,000 for the rug. (Id. at p. 944.) The defendant asserted that the court's reliance on this statement was error under both Vournazos and Hartley. The court refused to read Hartley as barring reliance on the victim's estimate of value. (Foster, supra, at p. 946, citing People v. Hartley, supra, 163 Cal. App.3d at p. 130.) The court found Vournazos "unpersuasive," partly because it "imposes an unwarranted burden on the trial court, the prosecutor, and the victim." (14 Cal. App.4th at p. 946, fn. omitted.) Instead, the court concluded, an item's original cost can generally be treated as evidence of replacement cost for purposes of restitution. (Ibid.) Moreover, a property owner's statements of value, recapitulated in the probation report, "should be accepted as prima facie evidence of value." (Ibid.) "When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount. `A defendant's due process rights are protected if he is given notice of the amount of restitution sought and an opportunity to contest that amount....'" (Id. at p. 947, quoting People v. Rivera (1989) 212 Cal. App.3d 1153, 1161 [261 Cal. Rptr. 93].)
Appellant attempts to distinguish Foster by shifting the thrust of his argument. He contends not that the amounts of the claimed losses were insufficiently shown, but that the victim's itemization was too ambiguous with respect to the nature of the claimed items. Thus, he asserts, "the victim failed not only to establish the actual replacement cost ..., but she failed to clearly explain what exactly she lost. For example, the items `martial arts weapons and spears' are not easily identified."
These objections were not raised below. Counsel's main objection was general  that the victim's statement failed to make a prima facie showing of loss because it was not verified or substantiated by a sworn statement, testimony, or documentation such as receipts.[2] The only specific objections raised were that certain amounts were overstated or poorly documented  the number and value of tapes, the amount of the deductible, the "miscellaneous" items, and the difference between Blue Book value and the victim's reimbursement from her insurer. The court disallowed the last two items. *548 The other objections have not been pursued on appeal. Had the objections now raised here been presented to the trial court, it could have exercised its discretion and perhaps obviated them.
We see no reason to permit such objections to be raised for the first time on appeal. In any event, we find no merit in the objection that the items of loss are not described with sufficient specificity. The question is whether appellant received sufficient notice in advance of the hearing to investigate and oppose the probation officer's recommendation. At least under the circumstances of this case, all of the items allowed were more than adequately described. Appellant contends that he was entitled to more information concerning the precise nature of the items claimed, but there is no basis for a conclusion that he lacked the information sought, or could not by reasonable efforts obtain it. For example, the trial court was entitled to infer that the "martial arts weapons and spears" referred to by the victim were in the car when appellant stole it. If they were not, appellant was competent to so testify. If further details were needed, appellant could attempt to procure them, either by contacting the victim or by requesting that the probation officer do so. Having done none of these things, appellant cannot complain about the lack of detail in the statement.
In sum, the court disallowed two items as ambiguous or inexplicable. The remaining items were identified, and their values asserted, with sufficient specificity to permit a defense to the claims. Having presented no meritorious objections, appellant cannot contend that it was petitioner's (or the probation officer's) burden to further embellish the showing made.

B.
(2) Appellant next contends that the court erred by ordering that his liability for restitution be "joint and several" with that of Frazier W. Instead, he asserts, the court should have ordered him to make restitution for half the total losses incurred by the victim. In support of this position he cites In re Brian S. (1982) 130 Cal. App.3d 523 [181 Cal. Rptr. 778], and People v. Hernandez (1991) 226 Cal. App.3d 1374 [277 Cal. Rptr. 444] (disapproved on another point in People v. Welch (1993) 5 Cal.4th 228, 237 [19 Cal. Rptr.2d 520, 851 P.2d 802].)
In Brian S., three or four juveniles participated in a burglary. Two of the juveniles were charged. The trial court ordered one of them (the appellant) to pay one-half the victim's losses. On appeal the appellant contended among other things that the court "incorrectly refused to consider the responsibility of other culpable parties," apparently meaning the one or two juveniles who *549 participated in the burglary but were not charged. The Court of Appeal affirmed the order. "While the juvenile court should take into account other culpable parties in imposing a restitution order, there are no rigid guidelines for apportionment. Responsibility of criminal confederates is merely one factor to be considered by the court in exercising its discretion." (130 Cal. App.3d at p. 533.) "Since it would serve a rehabilitative purpose to require defendant to make the victim whole, we conclude the trial judge did not abuse his discretion in ordering the minor to pay restitution for one-half of the losses suffered by the victim." (Id. at pp. 533-534, fn. omitted.)
Defendant apparently reads Brian S. to require per capita apportionment among persons whose responsibility for the victim's losses is actually adjudicated. It stands for no such rule. It merely holds that the order there, apportioning restitution in a particular manner, was not an abuse of discretion. The underlying principle is that the juvenile court is vested with discretion to apportion restitution in a manner which will effectuate the legislative objectives of making the victim whole and rehabilitating the minor. (See 130 Cal. App.3d at pp. 529, 531-532, 534, fn. 4.)
In People v. Hernandez, supra, 226 Cal. App.3d 1374, the court invalidated a condition of probation requiring the defendant to make restitution of $4,000, for which he would be jointly and severally liable with a codefendant. The court acknowledged that imposing a joint obligation "improves the prospect of the victim being made `whole.'" (Id. at p. 1379.) However, it continued, "[t]he imposition of restitution must serve a valid rehabilitative purpose and not merely address civil liability." (Ibid.) Here, the rehabilitative purposes of the order were "clouded" because "the fulfillment of the condition depends on the actions of another who is completely independent from the defendant." (Id. at p. 1380.) Moreover, the condition was "void for vagueness" because it required the defendant to "wait, perhaps up to the very end of his probation term, to determine what is required of him." (Ibid.)
The Hernandez decision has been severely weakened by subsequent cases. In People v. Zito (1992) 8 Cal. App.4th 736, 744 [10 Cal. Rptr.2d 491], review denied, the court expressly disagreed with Hernandez and concluded that "a joint and several restitution order is permissible." In People v. Arnold (1994) 27 Cal. App.4th 1096, 1098-1100 [33 Cal. Rptr.2d 35], the Fifth District  which decided Hernandez  limited that case to situations where the restitution order is made as a condition of probation, holding that joint and several restitution may be appropriately ordered in conjunction with a prison commitment. In People v. Campbell (1994) 21 Cal. App.4th 825, 833-834 [26 Cal. Rptr.2d 433], the court squarely rejected Hernandez and permitted a joint and several restitution order as a condition of probation.
*550 We agree with these courts that Hernandez is unsound in its blanket rejection of joint and several restitution orders. Such an order merely means that the defendant (or juvenile) is responsible to make restitution for the full amount of the victim's losses, but that the defendant's obligation shall be reduced by any payments to the victim by other wrongdoers. Here, the trial court's manifest purpose in using the term "joint and several" was precisely this  to make appellant responsible for the entire amount of the victim's losses, while allowing him a credit for any sums paid by Frazier W. Appellant obviously suffered no prejudice from the court's recognition of an entitlement to credit. He is aggrieved only by the order making him responsible for the entire amount. Therefore the real gist of his argument is that the court erred by obligating him to pay more than his pro rata share of the losses, i.e., one-half.
We see no basis for holding that the court erred by holding appellant responsible for the entire amount of the victim's losses. All dispositional orders in a wardship case must take into account the best interests of the child and the rehabilitative purposes of the juvenile court law. (See Welf. & Inst. Code, § 202, subd. (b).) But here, as in an adult criminal case, a proper restitution order "may serve the salutary purpose of making [the juvenile] understand that he has harmed ... individual human beings, and that he has a responsibility to make them whole." (People v. Richards (1976) 17 Cal.3d 614, 620 [131 Cal. Rptr. 537, 552 P.2d 97], quoted in People v. Hernandez, supra, 226 Cal. App.3d at pp. 1378-1379.) This "salutary purpose" would be directly undermined by a rule that each participant in a criminal scheme may be held responsible only for a portion of the overall harm. The trial court's power to tailor an appropriate order cannot be bounded by such per se rules. Instead that court's allocation of restitutionary responsibility must be sustained unless it constitutes an abuse of discretion or rests upon a demonstrable error of law.
There is ample basis on this record for the trial court to conclude that both juveniles were fully responsible for the victim's losses. While Frazier W. was driving the car at the time of the police chase  and thus appears to have been most directly responsible for the major damage to the car itself  appellant admitted direct involvement in the original theft and driving the car on previous occasions. There was no evidence that either juvenile was more responsible than the other for the loss of the vehicle's contents. The record amply supports the court's determination that appellant should be responsible for the entire amount.
We also reject the notion that an order such as this one is rendered fatally ambiguous by uncertainty as to the amounts Frazier W. may pay toward the *551 total amount due. It is not accurate to say, as Hernandez does, that this possibility makes appellant's successful probation depend on the actions of another, or renders the probation order fatally vague as to what is required. (226 Cal. App.3d at p. 1380.) "The defendant's obligation is clear; he must pay the full amount of restitution and may pay less if the codefendant also meets his restitution obligation." (People v. Campbell, supra, 21 Cal. App.4th at p. 833; see People v. Zito, supra, 8 Cal. App.4th at p. 745.)
No prejudicial error appears. The order appealed from is affirmed.
Kline, P.J., and Haerle, J., concurred.
NOTES
[1] The main body of the victim's letter to the probation officer appears as follows:

"Itemi[z]ed below is our loss not reimbursed by the insurance co., submitted hereby per your request:

 "1. 15 music tapes, $10 each. ----------------------- $150
 "2. 2 Thomas Guide Maps ----------------------------- 38
 "3. Martial art weapons & spears -------------------- 100
 "4. School parking permit --------------------------- 5
 "5. Mugs -------------------------------------------- 8
 "6. Shoes ------------------------------------------- 40
 "7. Long Distance phone calls to Police, Insurance
Co., Repair Shop, Body Shop, Friends ------------------- 60
 "8. Car Rental for trip from S.F. to home. ---------- 66.17
 "9. Deductible per insurance policy ----------------- 500
 "10. Misc. items ------------------------------------- 100
 "11. Difference between Blue Book Value & the amount
to be paid by insurance co., approximately 400
 _________
 TOTAL $1467.17"

[2] None of the cases hold that the victim must supply a sworn proof of loss or detailed documentation of costs and expenses. Of course a trial court would act well within its discretion to decide, as trier of fact, that unverified and unsubstantiated statements were insufficient proof of loss in a particular case. Even more telling might be a victim's failure to verify or document claims after being asked to do so. Indeed, this was the case in Vournazos, supra, where the probation officer asked the victim's bookkeeper for documentation, but never received it. (198 Cal. App.3d at p. 953.)