Filed 1/10/14  P. v. Ambriz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO BEDOLLA AMBRIZ,<br><br>    Defendant and Appellant. | G047906<br><br>(Super. Ct. No. 08NF2205)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Daniel B. McNerney, Judge.  Affirmed as modified.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Roberto Bedolla Ambriz of several offenses relating to his molestation of two children.  The trial court subsequently ordered Ambriz to reimburse the State Victim Compensation Board (Board) for restitution payments it

made to one Leonard Rutkevicius. Ambriz contends the court abused its discretion in ordering restitution for assistance the Board provided to Rutkevicius because the prosecution did not prove Rutkevicius was a victim as defined in Penal Code section 1202.4 (all statutory references are to the Penal Code unless noted). For the reasons expressed below, we agree and modify the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Ambriz of sodomizing a child age 10 or younger (§ 288.7, subd. (a)), kidnapping to molest a child (§ 207, subd. (b)), forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)) and seven charges of lewd acts on children younger than age 14 (§ 288, subd. (a)). Ambriz sexually molested 12-year-old Kenny M. and 9-year-old Jesus N. On October 28, 2011, the trial court sentenced Ambriz to an aggregate of 55 years to life in prison. The court reserved jurisdiction over the issue of victim restitution.

The prosecution filed a request for restitution on behalf of the Board. The request sought restitution for mental health services, totaling $12,815, including $825 for Jesus N., $3,300 for his mother, $2,860 for one of his brothers, $2,750 for another brother, and $3,080 to Rutkevicius. On January 9, 2013, the trial court conducted a hearing on the prosecution's request. At the hearing, the prosecution provided Rutkevicius's health insurance claim form, showing the dates on which he received mental health services. Ambriz objected to any award for Rutkevicius, arguing his name appeared nowhere in the police reports or court file and his relation to the case was unknown. Nevertheless, the trial court found that by proving the Board made payments to Rutkevicius, the prosecution had met its burden under section 1202.4, and ordered

2

Ambriz to pay restitution in the amount of $12,815, including the $3,080 payment to Rutkevicius.

## II

### DISCUSSION

We review the trial court's restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663 (*Giordano*).) "[A]n order resting on a demonstrable legal error constitutes such an abuse." (*People v. Hume* (2011) 196 Cal.App.4th 990, 995 (*Hume*); See also *In re S. S.* (1995) 37 Cal.App.4th 543, 550.)

The California Constitution entitles crime victims to restitution. (Cal. Const., art. I, § 28(b)(13).) Accordingly, section 1202.4 provides when "a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims . . . ." (§ 1202.4, subd. (f).) Section 1202.4, subdivision (k), defines "victim" for purposes of section 1202.4. The term includes three categories of natural persons: (1) "The immediate surviving family of the actual victim;" (2) any "person who has sustained economic loss as the result of a crime" and who satisfies specific conditions pertaining to the person's relation to the actual victim; and (3) "[a] person who is eligible to receive assistance from the Restitution Fund" pursuant to the Government Code. (§ 1202.4, subd. (k); *Giordano, supra*, 42 Cal.4th at p. 653, fn. 3 ["definition of 'victim' found in Penal Code section 1202.4, subdivision (k) was amended Stats. 2004, ch. 223, § 2) to incorporate the persons identified as 'derivative victims' in Government Code former section 13960, without substantive change"].)

Ambriz contends the prosecution failed to show Rutkevicius was a victim entitled to restitution under section 1202.4. "The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*Giordano, supra,*

3

42 Cal.4th at p. 664.) "At a victim restitution hearing, a prima facie case for restitution is made by the People. . . . Once the victim has [i.e., the People have] made a prima facie showing … the burden shifts to the defendant . . . . [Citations.]" (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) Here, as the party seeking restitution, the prosecution had the burden to make a prima facie showing Rutkevicius was a victim under section 1202.4.

At the restitution hearing, the prosecution presented no evidence establishing Rutkevicius's relation to either of the actual victims, nor did the prosecution present evidence establishing Rutkevicius was *eligible* to receive assistance from the Restitution Fund. Instead, the prosecution merely provided evidence Rutkevicius received assistance from the Board. The trial court, relying on section 1202.4, subdivision (f)(4), found Rutkevicius's receipt of assistance from the Board for mental health services gave rise to "a presumption with respect to the validity of these restitution charges that must be rebutted by the defense with evidence." Because the defense presented no evidence in rebuttal, the court ordered Ambriz to pay restitution for the Board's assistance to Rutkevicius.

Section 1202.4, subdivision (f)(4)(A) provides, "If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to or on behalf of a victim . . . *the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct* and shall be included in the amount of the restitution ordered." (Italics added.) The presumption is one of causation. If the Board has provided assistance to a victim or derivative victim, the prosecution need not show the victim's economic loss was "a result of the defendant's conduct," as subdivision (f) would otherwise require, unless the defense rebuts the presumption. But that does not relieve the prosecution of its burden to provide evidence the person is, in fact, a victim. Thus,

4

under section 1202.4, subdivision (f)(4)(A), the Board's assistance to Rutkevicius does not give rise to a presumption Rutkevicius was a victim.

Thus, the prosecution had the burden to show Rutkevicius was a victim under section 1202.4.  (See *Giordano*, *supra*, 42 Cal.4th at p. 664 [burden on the party seeking restitution to provide an adequate factual basis for the claim].)  Because the prosecution failed to present any evidence showing Rutkevicius was a victim, the trial court erred in including the amount Rutkevicius received in its restitution order.  Having found the trial court's order rested upon a demonstrable legal error, we conclude the court abused its discretion in ordering Ambriz to pay restitution for the monetary assistance the Board provided Rutkevicius.  (See *Hume*, *supra*, 196 Cal.App.4th at p. 995.)

III

DISPOSITION

The order is modified (§ 1260) to reflect defendant is ordered to pay restitution to the Board in the amount of $9,735, plus a 10 percent administrative fee. The trial court is directed to prepare an amended abstract of judgment and to serve a copy on defendant and the California Department of Corrections and Rehabilitation.  The judgment is affirmed in all other aspects.


ARONSON, J.

WE CONCUR:


O'LEARY, P.J.


BEDSWORTH, J.

5