Filed 6/24/14  In re R.F. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> R.F., <br><br> Defendant and Appellant. | F067769 <br><br> (Super. Ct. No. JW128629-02) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Peter A. Warmerdam, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

_____

[*]     Before Cornell, Acting P.J., Gomes, J., and Sarkisian, J.[†]

[†]     Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

On June 4, 2013, a petition was filed pursuant to Welfare and Institutions Code section 602,[1] alleging that R.F., appellant, committed one count of felony robbery of jewelry from Jean Flores (Pen. Code, § 212.5, subd. (c), count 1) and violated the terms of his probation (§ 777, subd. (a)(2), count 2). The petition also alleged that count 1 was a serious felony within the meaning of Penal Code section 1192.7, subdivision (c)(19).

At the conclusion of a contested jurisdiction hearing on June 27, 2013, the juvenile court found the allegations in the petition to be true. On July 26, 2013, the juvenile court found appellant to be a ward of the court and committed him to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice for a term of five years two months with custody credits of 100 days.

The court also ordered direct victim restitution in the amount of $3,300 pursuant to section 730.6, subdivision (p). The court made appellant jointly and severally liable for restitution with his parents. Appellant contends the juvenile court committed error when it failed to make his brother, who was allegedly involved in the same offense but whose case had not yet been adjudicated, jointly and severally liable for direct victim restitution. We disagree and will affirm the juvenile court's orders.

---

[1]    Subsequent references are to the Welfare and Institutions Code unless otherwise noted.

2

## FACTS

Jean Flores was outside her home in Delano watering her lawn at 7:30 a.m. on June 3, 2013. Flores saw two young men walking in front of her home. One of them stopped and asked Flores for money. The older of the two walked away briefly, returned, and grabbed Flores by the throat.[2] The man took necklaces Flores was wearing. Appellant began grabbing at Flores's arm, attempting to remove rings from her fingers. During the attack, Flores yelled for help.

Jonathan Hernandez, a neighbor, saw the assault and yelled at the two assailants to leave Flores alone. The assailants started to run away. Hernandez chased the assailants down the street and stopped when they entered the back seat of a parked vehicle. Hernandez wrote down a partial license plate number and gave this information and a description of the car to Officer Antonio Alvarez of the Delano Police Department.

Another officer found three male passengers in the car. There was no driver. A female was standing outside the car. The officer detained all of the subjects. Appellant and Christian F. were sitting in the back seat of the car. Flores identified appellant and Christian F. in an in-field show up.

Christian F. told Alvarez that he took Flores's jewelry, but admitted appellant was with him during the robbery. Appellant testified that he was in the neighborhood of the robbery and was sitting in the back seat of the car when he was detained by an officer. Appellant denied any involvement in the robbery of Flores's jewelry.

## VICTIM RESTITUTION

Appellant contends the juvenile court erred in failing to make his brother, Christian F., jointly and severally liable for victim restitution. Respondent argues that

---

[2]    The older man was later identified as appellant's brother, Christian F.

appellant is liable for all the losses he helped cause and lacks standing to demand imposition of restitution from a party not before the court.[3]

Generally, restitution awards are vested in the discretion of the trial court, or in this case the juvenile court, and will not be disturbed on appeal absent an abuse of discretion. When there is a factual and rational basis for the amount of restitution ordered, no abuse of discretion will be found by the reviewing court. A court abuses its discretion when it acts contrary to law or fails to use a rational method that could reasonably be said to make the victim whole. The court cannot make an arbitrary or capricious ruling. We review the record for substantial evidence. (*In re Travis J.* (2013) 222 Cal.App.4th 187, 202-203.) It is error for a juvenile court to fail to determine the economic losses of crime victims. (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1390-1392.)

Here, there was substantial evidence supporting both appellant's direct participation in the robbery and the victim's financial loss. Any evidence to the contrary was rejected by the juvenile court. The trial court did not abuse its discretion in awarding the victim restitution for her losses.

Section 730.6, subdivision (h)(4) provides in relevant part that: "When feasible, the court shall also identify on the court order, any cooffenders who are jointly and severally liable for victim restitution." We note that this provision is not mandatory, but discretionary. Thus, the court may impose a victim restitution fine based on joint and several liability and it is not error for one codefendant to be responsible for paying the entire amount of restitution. (See *In re S.S.* (1995) 37 Cal.App.4th 543, 548-551.)

In the instant action, however, appellant's brother, Christian F., had not yet been adjudicated or found guilty in a juvenile or adult court of the robbery. We find no error

---

[3] Christian F.'s case was apparently still pending and had not yet been adjudicated by the time of appellant's disposition hearing.

4

in the juvenile court's ruling making appellant solely liable for the victim's loss at the time of the disposition hearing.[4]  Appellant has failed to show judicial error.

## DISPOSITION

The findings and orders of the juvenile court are affirmed.

---

[4]     Appellant, however, is not without future remedy in the event that his brother is adjudicated as responsible for, or found guilty of, the Flores robbery.  Section 730.6, subdivision (h)(4) provides in relevant part that:  "The court may modify the amount [of restitution] on its own motion or on the motion of the district attorney, the victim or victims, or the minor.  If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the hearing on the motion."

Upon the establishment of Christian F.'s culpability for the robbery, appellant may make a motion upon proper notice to the victim and other parties that he seeks to modify the restitution order in his own case to make Christian F. jointly and severally liable for the amount of victim restitution.