Filed 2/20/26  In re J.A. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>J.A.,<br><br>      Defendant and Appellant. | A172292<br><br>(City & County of San Francisco Super. Ct. No. JW23-6036) |

**MEMORANDUM OPINION[1]**

On July 10, 2023, J.A. admitted allegations in two juvenile wardship petitions (Welf. & Inst. Code, § 602),[2] based on two separate incidents involving a co-offender, that she committed assault by force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), assault by force likely to produce great bodily injury on a public transit passenger (*id.*, § 245.2), and organized retail theft with the intent to sell (*id.*, § 490.4, subd. (a)(1)).

---

[1]     We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the issues raised.  (See Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2022) 97 Cal.App.4th 847, 851.)

[2]     Further undesignated statutory references are to the Welfare and Institutions Code.

1

At the disposition hearing on January 31, 2024, the juvenile court declared J.A. a ward and placed her on probation. As conditions of probation, the court ordered J.A. to pay a $300 restitution fine, which it suspended due to J.A.'s inability to pay, and direct victim restitution in an amount to be determined at a hearing. Following such a hearing, in an order filed on July 8, the court directed J.A. and her co-participant to pay, jointly and severally, direct victim restitution in the amount of $39,451.18. On December 27, the court formally entered the victim restitution order. This appeal followed.

In her opening brief, J.A. first challenged the victim restitution order based on a legislative amendment that took effect while this appeal was pending. When the court entered its victim restitution order, it was permitted to order joint and several liability for victim restitution among co-offenders. (See former § 730.6, subd. (h)(2), as amended by Stats. 2015, ch. 131, § 1; *In re S.S.* (1995) 37 Cal.App.4th 543, 550–551.) Effective January 1, 2025, however, minors may not be held jointly and severally liable for victim restitution. Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill 1186) added paragraph (3) to section 730.6, subdivision (b) (section 730.6(b)(3)), which now provides: "For the purposes of victim restitution, each minor shall be held severally liable, and shall not be held jointly and severally liable as co-offenders. The court shall apportion liability based on each minor's percentage of responsibility or fault for all economic losses included in the order of restitution. The aggregate amount of apportioned liability for all minors involved shall not exceed 100 percent in total." (Stats. 2024, ch. 805, § 6.)

In her opening brief, J.A. argued that section 730.6(b)(3) applies retroactively and requires a remand for a new restitution hearing to allow the court to apportion restitution liability among her and her co-offender based

2

on each offender's percentage of responsibility.

In response, the Attorney General points out that after J.A. filed her opening brief, this court issued its decision in *In re J.L.* (Dec. 23, 2025, A171588) 117 Cal.App.5th 388 (*J.L.*), where we held that section 730.6(b)(3) operates prospectively and thus rejected an argument similar to J.A.'s.

In setting forth the legal principles regarding retroactivity, we noted that " '[o]rdinarily, statutes are presumed the apply only prospectively, unless the Legislature expressly declares otherwise.' " (*J.L.*, *supra*, 117 Cal.App.5th at p. 398.) A contextually specific qualification to that presumption was established in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*J.L.*, at p. 398, citing *People v. Burgos* (2024) 16 Cal.5th 1, 8, 14 (*Burgos*).) That qualification is that when the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all nonfinal judgments. (*Burgos*, at pp. 12–14, citing *People v. Brown* (2012) 54 Cal.4th 314, 323 [in turn citing *Estrada*, at pp. 742–748]; see *J.L.* at p. 398.)

Turning to whether the Legislature intended section 730.6(b)(3) to operate retroactively, we were guided by an additional presumption, that the Legislature is aware of the existing law and to have enacted or amended a statute in light thereof. (*J.L.*, *supra*, 117 Cal.App.5th at p. 401.) Direct restitution to a victim is generally recognized to be a civil remedy, not punishment (in contrast to a restitution fine, which is intended as punishment). (See *id*. at pp. 399, 401.) Thus, we presumed that when the Legislature enacted Assembly Bill 1186, it knew that victim restitution is not punishment. (*Id*. at p. 401.) This was confirmed, we found, by the legislative history of the bill. (*Id*. at pp. 401–402.) From this, we inferred that "when

3

Assembly Bill 1186 was enacted, the Legislature . . . did not intend Assembly Bill 1186's change in how victim restitution is awarded to implicate *Estrada*. Rather, the Legislature expected that such a change would operate prospectively under the default rule . . . , unless it expressly specified otherwise," which it did not. (*J.L.*, at p. 402.) We thus held that "section 730.6(b)(3) operates prospectively." (*J.L.*, at p. 402.)

The Attorney General contends that under *J.L.*, J.A. is not entitled to retroactive application of section 730.6(b)(3). In her reply brief, J.A. effectively concedes the point by "acknowledg[ing] *J.L.* rejects her argument and that she had not found a published decision that disagrees with *J.L.* and supports her argument." We accept this concession, and thus find no error in the victim restitution order.

J.A.'s second argument is that the $300 restitution fine should be stricken pursuant to another recent amendment to section 730.6. The Attorney General agrees. As do we.

At the time of the disposition hearing, the restitution fine was required by the statute. (See former § 730.6, subd. (a)(2)(A), (b)(1).) Effective January 1, 2025, Assembly Bill 1186 amended section 730.6 to remove the requirement that a minor pay a restitution fine. The relevant portion of the statute now provides, "The court shall not impose a separate and additional restitution fine against a minor found to be a person described in Section 602." (§ 730.6, subd. (a)(2), as amended by Stats. 2024, ch. 805, § 6.) As explained above, unlike direct victim restitution, the purpose of a restitution fine is punishment. (*J.L.*, *supra*, 117 Cal.App.5th at pp. 399, 401.) Thus, we agree with the parties that amended section 730.6, subdivision (a)(2) applies retroactively under *Estrada*, and that the restitution fine imposed in this case should be stricken as a result.

4

## DISPOSITION

The $300 restitution fine is ordered stricken.  The juvenile court is directed to amend the disposition order to reflect this fact.  In all other respects, the disposition and restitution orders are affirmed.

_____

RICHMAN, J.

We concur.

_____

STEWART, P. J.

_____

DESAUTELS, J.

(A172292N)